# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION ) ) ) ) | **MDL No. 17-md-2768-IT** |
| This Document Relates To: ) ) | |
| All Cases ) ) ) | **SHORT FORM COMPLAINT AND JURY DEMAND** |
| ) ) | |
| DOUGLAS BROOKS, and PIN Q. BROOKS, ) ) ) | |
| PLAINTIFFS, ) ) | |
| v. ) ) | |
| HOWMEDICA OSTEONICS CORP. ) ) | |
| DEFENDANTS. ) ) | |

1.  Plaintiffs, Douglas Brooks and Pin Q. Brooks, state and bring this civil action in MDL No. 2768, entitled *In Re: Stryker LFIT V40 Femoral Head Products Liability Litigation*. Plaintiffs are filing this Short Form Complaint as permitted by Pretrial Order #2 dated October 11, 2017 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.  Plaintiff, Douglas Brooks, is a resident and citizen of the State of Georgia and claims damages as set forth below.

3.  Plaintiff's Spouse, Pin Q. Brooks, is a resident and citizen of the State of Georgia, and claims damages as set forth below.

4.     Venue of this case is appropriate in the United States District Court, Northern District of Georgia. Plaintiff states that but for the Order permitting directly filing into the District of Massachusetts pursuant to Pretrial Order No.2, Plaintiff would have filed in the United States District Court, Northern District of Georgia. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5.     Plaintiff brings this action *[check the applicable designation]*:

_X_____     On behalf of himself/~~herself~~;

_____      In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent. *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

<u>Allegations as to **Right-Side** Implant/Explant Surgery(ies):</u>

6.     Plaintiff was implanted with an LFIT Anatomic CoCr V40 Femoral Head on his right hip on or about October 17, 2012, at the Piedmont Fayette Hospital, 1255 Highway 54 West in Fayetteville, Georgia, by Dr. Michael Behr.

7.     Plaintiff was implanted with the following femoral stem during the October

2

17, 2012 surgery:

    _____          Accolade TMZF

    \_X\_\_\_\_\_         Accolade II

    _____          Other _____(Femoral Stem)

8.    Plaintiff had the femoral head at issue explanted on March 16, 2016, at Northside Hospital, 1200 Northside Forsyth Drive in Cumming, Georgia, by Dr. Jon Minter.

## ALLEGATIONS AS TO INJURIES

9.    (a)    Plaintiff claims damages as a result of (check all that are applicable):

    \_X\_\_\_\_              INJURY TO ~~HERSELF~~/HIMSELF

    _____              INJURY TO THE PERSON REPRESENTED

    _____              WRONGFUL DEATH

    _____              SURVIVORSHIP ACTION

    \_X\_\_\_\_              ECONOMIC LOSS

    (b)    Plaintiff's spouse claims damages as a result of (check all that are applicable):

    \_X\_\_\_\_              LOSS OF SERVICES

    \_X\_\_\_\_              LOSS OF CONSORTIUM

10.    Plaintiff has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11. Plaintiff has suffered injuries as a result of the explantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

13. Plaintiff(s) could not have known that the injuries he/she suffered were as a result of a defect in the Device(s) at issue until after the date the Device was recalled from the market and the Plaintiff(s) came to learn of the recall.

14. In addition, Plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue.

**CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

15. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

    _X_____ COUNT I - NEGLIGENCE;

    _____ COUNT II - NEGLIGENCE PER SE;

    _X____ COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    _X____ COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    _X____ COUNT V - STRICT PRODUCTS LIABILITY- FAILURE

          TO WARN;

_____     COUNT VI - BREACH OF EXPRESS WARRANTY;

\_X\_\_\_\_     COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

\_X\_\_\_\_     COUNT VIII - BREACH OF IMPLIED WARRANTIES;

_____     COUNT IX - VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT

_____     COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

_____     COUNT XI - NEGLIGENT MISREPRESENTATION

\_X\_\_\_\_     COUNT XII - LOSS OF CONSORTIUM

_____     COUNT XIII – UNJUST ENRICHMENT

_____     COUNT XIV – WRONGFUL DEATH

\_X\_\_\_\_     COUNT XV- PUNITIVE DAMAGES

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

\_\_\_\_N/A/_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: _10/13/2017_____                    Respectfully submitted,

/s/ C. Calvin Warriner, III_____
BY: C. Calvin Warriner, III
Florida Bar No.: 374131
Searcy Denney Scarola Barnhart & Shipley PA
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409
Telephone: 561-686-6300
Facsimile: 561-383-9498
E-Mail: CCW@searcylaw.com
Secondary E-Mail: cbr@searcylaw.com
*Attorneys for Plaintiffs*